IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  Case No. 03-10157-01-JTM

ANDRE DAVIS,

        Defendant.

MEMORANDUM AND ORDER

The court has before it defendant Andre Davis's Motion to Reduce Sentence (Dkt. 226). The court denies the motion for the following reasons.

**I. Background**

On September 13, 2003, Davis was indicted for violating 18 U.S.C. § 1952(a)(3) and 21 U.S.C. §§ 841(a)(1) and 846. A jury found Davis guilty on all three counts on August 20, 2008. The court sentenced Davis to federal prison for a term of 240 months, the mandatory minimum sentence under the Federal Sentencing Guidelines.

Recently, U.S. Attorney General Eric Holder expressed concern about mandatory minimum sentences being applied to some non-violent, low-level drug offenders. On August 12, 2013, Mr. Holder sent a memorandum to United States Attorneys and the Assistant Attorney General for the Criminal Division, refining the charging policies regarding mandatory minimums for such drug offenders. As part of this memorandum, Mr. Holder issued a policy covering prosecutorial conduct in certain situations. The memo stated:

[I]n cases involving the applicability of Title 21 mandatory minimum sentences based on drug type and quantity, prosecutors should decline to charge the quantity necessary to trigger a mandatory minimum if the defendant meets the following criteria:

- The defendant's relevant conduct does not involve the use of violence, the credible threat of violence, the possession of a weapon, the trafficking of drugs to or with minors, or the death of serious bodily injury of any person;
- The defendant is not an organizer, leader, manager or supervisor of others within a criminal organization;
- The defendant does not have significant ties to large-scale drug trafficking organizations, gangs, or cartels; and
- The defendant does not have a significant criminal history. A significant criminal history will normally be evidenced by three or more criminal history points but may involve fewer or greater depending on the nature of any prior convictions.[1]

Largely because of the policy issued by Attorney General Holder, Davis asks this court to reduce his 240-month sentence. In support of his motion, Davis also cites his age and his criminal history, which is relatively minor and consists mostly of drug convictions.

## II. Legal Standard for Reduction of Sentence

Generally, federal courts lack jurisdiction to reduce a term of imprisonment once it has been imposed. *Freeman v. United States*, ___U.S. ___, 131 S. Ct. 2685, 2690 (2011). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). In certain situations, modification or reduction of a sentence is possible under 18 U.S.C. § 3582(c). "[I]n the case of a defendant who has

---

[1] U.S. Attorney General Eric Holder, Memorandum to the United States Attorneys and Assistant Attorney General for the Criminal Division (Aug. 12, 2013), *available at* http://www.jdsupra.com/legalnews/us-attorney-general-eric-holders-memora-07918/.

been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

**III. Analysis**

Davis argues that he is entitled to a reduced sentence by virtue of Attorney General Eric Holder's new policy of charging certain non-violent, low-level drug offenders in a manner that avoids minimum mandatory sentences. The statute allows for a modification of sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on *a sentencing range that has subsequently been lowered by the Sentencing Commission*." § 3582(c)(2) (emphasis added). The Chair of the Sentencing Commission recently advocated for an amendment on this issue while speaking to the U.S. Senate Judiciary Committee, but the Sentencing Commission has not yet passed any related amendment.[2]

Additionally, although Attorney General Holder has introduced a policy for federal prosecutors to charge certain offenders in a manner that will avoid the minimum sentences, he subsequently made clear that this new policy does not apply to Davis's case. Attorney General Holder released a second memorandum on August 29,

---

[2]*See* Statement of Judge Patti B. Saris, Chair, United States Sentencing Commission, For the Hearing on "Reevaluating the Effectiveness of Federal Mandatory Minimum Sentence," Before the Committee on the Judiciary, United States Senate (September 18, 2013) transcript *available at* http://www.ussc.gov/ Legislative_and_Public_Affairs/Congressional_Testimony_and_Reports/Submissions/20130918_SJC_M andatory_Minimums.pdf.

3

2013, which "provides additional guidance" regarding his August 12 memorandum.[3] In the second memorandum, Holder clarified that the policy's application depends on the state of the proceeding, and the policy is not retroactively applicable to cases in which sentence has been imposed. Davis was sentenced more than four years ago, so Attorney General Holder's memoranda, read together, make it clear that the new policy does not affect Davis's sentence.

**IV. Conclusion**

The court denies defendant Andre Davis's Motion to Reduce Sentence because he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c). Davis's sentence is not affected by U.S. Attorney General Eric Holder's recent policy changes.

IT IS THEREFORE ORDERED this 15th day of October, 2013, that Andre Davis's Motion to Reduce Sentence (Dkt. 226) is denied.

s/J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE

---

[3] U.S. Attorney General Eric Holder, Memorandum to the United States Attorneys and Assistant Attorney General for the Criminal Division (Aug. 29, 2013), *available at* http://famm.org/wp-content/uploads/2013/09/DOJ-Retro-MM-Policy-9.19.13.pdf.