# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
       Plaintiff,

vs.                             No. 03-10157-01-JTM

ANDRE DAVIS,
         Defendant.


## MEMORANDUM AND ORDER


This matter is before the court on two motions by defendant Andre Davis, who in 2009 was found guilty of conspiracy to distribute cocaine, possession with intent to distribute a controlled substance, and interstate travel in aid of a racketeering enterprise.[1] His conviction and sentence were affirmed on appeal by the Tenth Circuit (Dkt. 209). His subsequent motion for relief under 28 U.S.C. § 2255 was denied by this court in 2012 (Dkt. 213). The Tenth Circuit dismissed Davis's appeal from that denial on the merits. (Dkt. 222).

In the first motion now before the court, Davis asks for jail time credit pursuant to U.S.S.G. 5G1.3(b). In particular, he argues that a reduction of his sentence by 16 months would be consistent with the court's "true intent" at the time of sentencing. (Dkt. 232, at

---

[1] In violation, respectively, of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 1952(a)(3). He was sentenced to a 240 month term of imprisonment. (Dkt. 172).

3). In the second motion, he also invokes his belief that that his sentence should be reduced by 16 months, and asks the court write to the Bureau of Prisons (BOP) that he should receive the jail time credit. Alternatively, he asks that the court modify his Presentence Report (PSR) to document his prior drug abuse so as to permit him to participate in a BOP program. (Dkt. 233).[2]

The court has reviewed Davis's requests and finds that the relief cannot be granted. Guideline 5G1.3(b) does not authorize the modification of a sentence after it has been imposed. *United States v. Watson*, 2019 WL 447314, at *1 n. 4 (D. Maine, Feb. 5, 2019). As the Tenth Circuit observed in *United States v. Tetty-Mensah*, 665 Fed. App'x 687, 690 (10th Cir. 2016), the "Sentencing Guidelines" — specifically including § 5G1.3 — "are not jurisdiction-conferring statutes permitting [a] court to modify a sentence."

The court lacks jurisdiction for an additional reason. The defendant appears to be currently incarcerated in Ohio. Recently, the Tenth Circuit addressed the issue in this very case within the last year, when it denied Davis's request for permission to file a new § 2255 motion on various issues, including the claim that the BOP had refused to give him appropriate jail-time credit. The court concluded that such a claim was not justified under § 2255, observing that the jail time credit claim "would be more properly brought under 28 U.S.C. § 2241." (Dkt. 231, at 2). At the same time, the court explicitly quoted its

---

[2] In the motion, Davis complains as well about the enhancement of his sentence under § 21 U.S.C. § 851. The propriety of the enhancement was addressed both in defendant's direct appeal in the defendant's previous § 2255 (Dkt. 222), and cannot be renewed again in the absence of leave from the Tenth Circuit for the filing of a successive § 2255 motion.

decision in *Bradshaw vs. Story*, 86 F.3d 164, 166 (10th Cir. 1996) that "[a] petition under . . . § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."[3]

As the court lacks jurisdiction to directly order the relief sought by amending Davis's sentence, it also has no basis for sending a letter to the BOP to direct the same result. Finally, the court finds no authority for altering the PSR. *See United States v. Fykes*, 733 F. App'x 950, 952 (10th Cir. 2018) (finding such a motion to modify a PSR after judgment is properly dismissed for lack of jurisdiction). *See United States v. Cosgrove*, 2008 WL 5119679, at *1 (D. Kan. Nov. 26, 2008) (under Fed.R.Crim.Pr. 32(f)(1) and (i)(1)(D), any objection to PSR must be made within 14 days of its receipt, which may be extended "for good cause … at any time before sentence is imposed"). Under Rule 36, the PSR may only be corrected "clerical error[s]." *See United States v. Torres*, 2018 WL 2016306, at *1 (E.D.N.C. April 30, 2018) (post-judgment request to modify a PSR "to add substantive information or a recommendation for residential drug treatment" not a clerical error under Rule 36).

---

[3] *See United States v. Stevens*, 2010 WL 145890, at *4 (D. Me. Jan. 8, 2010) (citing *Miller v. United States*, 564 F.2d 103, 105 (1st Cir.1977)):

> A sentencing court only has jurisdiction over post-conviction petitions filed pursuant to 28 U.S.C. § 2255. Post-conviction petitions challenging conditions of confinement, including the manner of execution of sentence, and brought pursuant to 28 U.S.C. § 2241, are not within the jurisdiction of the sentencing court, unless the petitioner happens to be held within that district.

IT IS ACCORDINGLY ORDERED this 19th day of March, 2019, that defendant's

Motions for Relief (Dkt. 232, 233) are dismissed for lack of jurisdiction.




/s/J. Thomas Marten
J. Thomas Marten, Judge