IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                                  No. 03-10157-01-JTM

ANDRE DAVIS,
    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Andre Davis's Motion for reduction of sentence. In 2009, Davis was found guilty of conspiracy to distribute cocaine, possession with intent to distribute a controlled substance, and interstate travel in aid of a racketeering enterprise.[1] His conviction and sentence were affirmed on appeal by the Tenth Circuit (Dkt. 209). His subsequent motion for relief under 28 U.S.C. § 2255 was denied by this court in 2012 (Dkt. 213). The Tenth Circuit dismissed Davis's appeal from that denial on the merits. (Dkt. 222). The court has previously denied two other motions by Davis to reduce his sentence. (Dkt. 227, 234).

In his present motion, Davis seeks a clarification based upon a change of circumstances. According to Davis, he did not seek a USSG 5G1.3 reduction at the time

---

[1] In violation, respectively, of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 1952(a)(3). He was sentenced to a 240 month term of imprisonment. (Dkt. 172).

of his federal sentencing because he was then facing a 45 year Indiana state prison sentence. Given the length of that sentence, any additional federal credit under 5G1.3 for the 16 months previously spent in state custody would have made no difference. According to Davis, however, as the result of changes in Indiana law, his state sentence has been substantially reduced.

Davis acknowledges the court has previously determined that 5G1.3 does not confer jurisdiction for this court to independently shorten his sentence. Instead, his relief will be a motion under § 2241 in the District of Ohio where he is currently incarcerated. He asks, however, that this court state its "intent is for Davis to be credited the time spent in custody from September 8, 2007 until his federal sentencing January 9th, 2009." (Dkt. 235, at 3). Davis cites *Ruggiano v. Reish*, 307 F.3d 132-34 (3rd Cir. 2002), for the proposition that it is the sentencing court's intent that is controlling as to whether credit is extended for prior incarceration.

Ruggiano observes that the sentencing court's intent is to be discerned from "'the sentencing transcript as well as the judgment the sentencing court entered.'" *Id*. at 133 (quoting *Rios v. Wiley*, 201 F.3d 257, 265 (3d Cir. 2000)). However, there is authority for the proposition that a sentencing court may clarify its intent concering the application of § 5G1.3. *See Hanrahan v. Oddo*, 2019 WL 1620060, *5 (M.D. Pa. April 16, 2019); *United States v. Smith*, 2019 WL 1125643, *2 (M.D. La. March 12, 2019).

The court has reviewed the judgment and the sentencing transcript, and will grant the relief sought. The court sentenced Davis to 240 months imprisonment, with the

direction that this term "run concurrent with your state sentence of 45 years." (Dkt. at 192 48). That is, the court concluded that the appropriate federal sentence should run concurrent not to the *remainder* of the state sentence, but from the point at which he started serving that sentence, in 2007.

IT IS SO ORDERED this day of February, 2020, that the defendant's Motion to Clarify (Dkt. 235) is granted as provided herein.


s/ J. Thomas Marten  
J. Thomas Marten, Judge