IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
         Plaintiff,

v.                                                  Case No. 03-10157-1-JTM

ANDRE DAVIS,
         Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant's Motion for Reconsideration (Dkt. 250) of the court's June 5, 2020 Memorandum and Order denying his motion for compassionate release under 18 U.S.C. § 3582(c) (Dkt. 247), along with a letter received by the court on May 15, 2020 which the court construes as a motion to appoint counsel (Dkt. 251). Motions for reconsideration in criminal cases are proper, even though not technically authorized by the Federal Rules of Criminal Procedure. *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (quoting *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010)). A motion for reconsideration of the denial of a section 3582(c) motion must be brought within the time otherwise allowed for an appeal of that decision, which is 14 days from the entry of the order. *Id.* at 1242; Fed. R. App. P. 4(b). *See also* D. Kan. R. 7.3(b) ("Parties seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed unless the court extends the time."). Davis's Motion for Reconsideration is timely, but does not meet the standard required for the court to revisit its prior ruling.

A motion to reconsider is warranted by "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). It is not appropriate for a party to file a motion to reconsider to reargue issues previously addressed by the court or advance new arguments or facts that would have been available at the time the first motion was filed. *Id.* The decision whether to grant a motion for reconsideration "is committed to the court's sound discretion." *T.Y. by Petty v. Bd. of Cty. Com'rs of Cty. of Shawnee*, 926 F.Supp. 162, 164 (D. Kan. 1996).

Davis's Motion does not allege or show any intervening change in the controlling law between his original motion and his motion to reconsider, any new evidence that was previously unavailable, or any clear error or manifest injustice in the court's June 5, 2020 Memorandum and Order. Instead, Davis's Motion primarily repeats arguments that were previously made to the court, or adds additional facts to those arguments that would have been available to Davis when his original motion was filed. For example, Davis repeats arguments made in his original motion concerning the application of certain sentencing guidelines to his case and the non-retroactive amendment of the statutory mandatory minimum sentence applicable to his case, which were considered and rejected by the court in its Memorandum and Order. Davis raises concerns about his personal health and family medical history that were either raised in his original motion, or that could have been raised in his original motion and were not. Davis contends that he has a "multitude of family concerns" that justify his release, including that he has a 13-year-

2

old son whose mother is financially and medically incapable of caring for him. While U.S.S.G. § 1B1.13 Application Note 1(C)(i) lists death or incapacitation of the caregiver of the defendant's minor child as a circumstance that can give rise to extraordinary and compelling reasons justifying compassionate release, this is an argument that was available to Davis but not asserted in his prior briefing. Finally, Davis contends that he has engaged in extensive rehabilitation efforts while in custody, but these are also facts that could have been presented to the court in his earlier filings. "Absent extraordinary circumstances … the basis for the second motion must not have been available at the time the first motion was filed." *Paraclete*, 204 F.3d at 1012.

A motion for reconsideration is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D. Kan. 1994), *aff'd* 43 F.3d 1484 (10th Cir. 1994). After review of Davis's Motion and its prior Memorandum and Order, the court concludes there is no intervening change in law, no new evidence presented that was not previously available, and no clear error or manifest injustice that warrants reversal of the court's prior opinion. The court previously considered Davis's age, medical conditions, and family circumstances, and found that none of those warranted compassionate release in light of the Covid-19 pandemic. The court also considered Davis's arguments regarding the First Step Act's non-retroactive amendment of the statutory mandatory minimum on Davis's sentence and concluded that amendment did not grant the court jurisdiction under 18 U.S.C. § 3582(c)(2) or U.S.S.G. § 1B1.13 Application Note 1(D) to reduce defendant's sentence.

Because Davis has not identified any reason for the court to reconsider its prior ruling, his Motion for Reconsideration (Dkt. 250) is DENIED. Davis's request for appointment of counsel (Dkt. 251) is similarly DENIED. Although his motions for relief were ultimately unsuccessful, the court finds that Davis capably and adequately presented his arguments to the court for review and that appointment of counsel at this stage is not warranted.

IT IS SO ORDERED this 17th day of June, 2020.

/s/J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT