IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
            Plaintiff,

v.                                              Case No. 03-10157-1-JTM

ANDRE DAVIS,
            Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on two pro se motions filed by defendant Andre

Davis. The first, a motion received by the court on December 17, 2020 (Dkt. 262) asserts

that Davis meets the criteria established by the Bureau of Prisons (BOP) for release to

home confinement under the CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281

(2020), but that the BOP has exhibited "extreme indifference" to his request for such relief.

The second motion, received by the court on December 21, 2020 (Dkt. 263) acknowledges

that the court lacks authority to order the BOP to release a prisoner to home confinement

under the CARES Act, but requests the court issue a recommendation to the BOP

regarding Davis's release. The United States has filed a response (Dkt. 264) opposing

Davis's requests.

The CARES Act expanded the BOP's discretion by lengthening the maximum

amount of time the Director is authorized to place an inmate in home confinement prior

to release. *See United States v. Nash*, 19-40022-01-DDC, 2020 WL 1974305 at *1 (D. Kan.

Apr. 24, 2020) (citing CARES Act, 134 Stat. at 516; *see also Furando v. Ortiz*, 2020 WL

1922357 at *2-3 (D. N.J. April 21, 2020) (detailing home confinement procedures

established by the Attorney General and BOP under the CARES Act).  Davis is correct

that only the BOP has authority under the CARES act to release a prisoner to home

confinement. *See Nash,* 2020 WL 1974305 at *3 ("the CARES Act authorizes the BOP – not

courts – to expand the use of home confinement"); *United States v. Boyles*, 18-20092-JAR,

2020 WL 1819887 at *2 n.10 (D. Kan. Apr. 10, 2020) (explaining the difference between the

CARES Act grant of authority to the BOP to lengthen the duration of home confinement

and the court's jurisdiction to reduce a sentence under 18 U.S.C. § 3582(c)). District courts

have acknowledged their ability to issue non-binding recommendations to the BOP in

situations where they lack the authority to issue a binding order. *See U.S. v. Watson*, 1:17-

CR-00004-DAK, 2019 WL 4168746, at *1 (D. Utah Sept. 3, 2019) (explaining that a majority

of district courts find a non-binding recommendation can be made to the BOP in response

to a prisoner's post-sentencing motion, but finding that such a recommendation was

inappropriate given the length of time since sentencing and the BOP's better position to

gauge the prisoner's post-sentencing conduct). In Davis's case, however, the court

declines to issue such a recommendation.

This court has previously acknowledged that the BOP is in a better position than

the courts to exercise its discretion to place a prisoner in home confinement due to Covid-

19. *See U.S. v. Read-Forbes*, 454 F. Supp. 3d 1113, 1118 (D. Kan. 2020), *reconsideration*

*overruled*, CR 12-20099-01-KHV, 2020 WL 2037053 (D. Kan. Apr. 28, 2020) (noting "the

BOP is in a better position to initially determine defendant's medical needs, the specific

risk of COVID-19 to … the inmates generally at [the correctional facility], the risk to the

public if [he] is released and whether [his] release plan is adequate."). Given the BOP's

superior ability to consider an inmate's medical concerns, the Covid-19 conditions within the facility, the inmate's specific history and characteristics, the inmate's post-sentencing conduct, and the adequacy of home confinement to meet correctional objectives, the court declines to issue a recommendation to the BOP regarding whether home confinement under the CARES Act is an appropriate arrangement for Davis. *See id.* ("Likewise, the BOP is in a better position to coordinate any request for relief under Section 3582(c)(1)(A) with the exercise of its discretion to place a prisoner in home confinement under Section 3624(c)(2)").

Davis's requests (Dkt. 262, 263) are therefore DENIED.

IT IS SO ORDERED this 29 day of December, 2020.

/s/J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT